claimant in the sum of $3,071.25 be referred forthwith to the General Assembly for its approval.

(No. 75-CV-62—

AMELIA KLINE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 15, 1975.*

AMELIA KLINE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred at 12:10 a.m., May 26, 1974, near 658 North St. Clair, Cook County, Chicago, Illinois. Amelia Kline, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Amelia Kline, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Assault". *(Ill. Rev. Stat., 1973, Ch. 38, §12-2.)*

2. That on May 26, 1974, claimant was threatened to be killed by a Negro male. Prior to the threat, the assailant had beaten claimant's companion and taken his wallet.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the assault upon her.

4. That the claimant went to Henrotin Hospital, 111 West Oak Street, Chicago, Illinois, in her own car where she was treated in the emergency room. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and her assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for medical expenses and loss of earnings.

8. That the claimant was unable to work for a period of 6 weeks following the assault due to a general anxiety state and a specific fear of all black men, which kept her in her apartment for 6 weeks.

9. That the claimant has proved to the court's satisfaction that her loss of earnings compensable under the statute was $689.88.

10. That in addition to loss of earnings, claimant incurred expenses for psychological counseling, dental work, hospital and other medical expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Psychological counseling | $200.00 |
| 2) | Dental Work | 365.00 |
| 3) | Hospital | 20.30 |
| 4) | Medical | 97.30 |

$597.30

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

12. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $20.30. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9 and 10, leaves a loss compensable under the Act of $1,066.88. Hence, the claimant is entitled to an award in the amount of $1,066.88.

It Is HEREBY ORDERED that the sum of $1,066.88 be awarded the claimant, Amelia Kline, the victim of a violent crime.

It Is FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the Court of

Claims Fund to Amelia Kline, as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $66.89 be referred forthwith to the General Assembly for its approval.